NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAR 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARRISON S. JOHNSON, | No. 15-15967 |
| Plaintiff-Appellant, | D.C. No. 1:10-cv-01918-LJO-DLB |
| v. | |
| JEFFREY A. BEARD; KELLY HARRINGTON, Warden, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

California state prisoner Garrison S. Johnson appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging an equal

protection violation in connection with Inmate Advisory Council ("IAC")

elections.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

questions of constitutional standing. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). We affirm.

The district court properly dismissed Johnson's action on the ground that Johnson lacked constitutional standing because Johnson failed to show that the challenged prison regulations concerning the IAC elections resulted in a concrete and particularized injury to Johnson. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (setting forth elements of Article III standing); *Carroll v. Natakani*, 342 F.3d 934, 946 (9th Cir. 2003) ("While racial classification is subject to strict scrutiny, a plaintiff, to challenge such classification, must establish standing through showing a particularized denial of equal treatment."); *Arakaki v. Hawaii*, 314 F.3d 1091, 1097 (9th Cir. 2002) (plaintiffs lacked standing to challenge Hawaiian statutory and constitutional provisions that required that the appointed trustees of the Office of Hawaiian Affairs ("OHA") be citizens of Hawaiian ancestry because neither plaintiff had been denied appointment as OHA trustee).

Because we affirm the district court's dismissal of Johnson's action for lack of Article III standing, we do not reach other issues raised by the parties regarding the equal protection claim.

15-15967

The district court did not abuse its discretion in denying Johnson's motion for reconsideration because Johnson failed to establish grounds for such relief. *See Garamendi v. Henin*, 683 F.3d 1069, 1077-80 (9th Cir. 2012) (setting forth standard of review and factors warranting reconsideration under Fed. R. Civ. P. 60(a)); *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (setting forth factors warranting reconsideration under Fed. R. Civ. P. 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**